Affirmed and Opinion filed October 17, 2002













Affirmed and
Opinion filed October 17, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-01-00959-CR

_______________

 

ANTHONY
COFFIELD, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

______________________________________________

 

On Appeal from the 174th District Court

Harris  County, Texas

Trial Court Cause No. 851,125

______________________________________________

 

O P I N I O N

 

            Anthony Coffield
appeals a conviction for burglary of a habitation with the intent to commit a
theft[1] on
the grounds that: (1) the prosecutor asked an improper voir
dire question; (2) the trial court erred by overruling appellant’s challenge
for cause because the venire person was biased as a matter of law and fact; and
(3) the prosecutor engaged in improper jury argument.  We affirm.

                                                            Voir Dire Question

            Appellant’s first issue argues that
a hypothetical voir dire question asked by the
prosecutor was factually specific to this case and thereby impermissibly
pre-committed the jury to convict appellant. 
However, to preserve a complaint for appellate review, an appellant must
make a timely objection.  Tex. R. App. P. 33.1(a).  In this case, because appellant failed to
object to the prosecutor’s voir dire question, this
complaint presents nothing for our review. 
See Draughon
v. State, 831 S.W.2d 331, 336-37 (Tex. Crim. App.
1992).  Accordingly, his first issue is
overruled.

                                                            Challenge for Cause

            Appellant’s second and third issues
contend that the trial court erred in overruling appellant’s challenge for
cause of venire person number 20 who was biased against appellant as a matter
of law and fact in that he was unable to follow the law regarding appellant’s
Fifth Amendment right not to testify. 
However, to preserve a complaint for appellate review, a defendant must
receive an adverse ruling on his objection. 
See, e.g., Ramirez v. State,
815 S.W.2d 636, 643 (Tex. Crim. App. 1991).  In this case, the record affirmatively
reflects that appellant’s challenge for cause to venire person number 20 was
sustained:

COUNSEL:                14,
35, 20.

THE COURT:            Now
let me go back.  25 will be denied.  52 will be granted.  56 will be granted.  And I need to rule on 20.  It will be denied.

COUNSEL:                He
just said he would require the defendant to testify.  That’s why I –

THE COURT:            He
indicated to me he would probably.  He said
it would be a problem, but he could follow the law.  I’ll come back to that one.  26 is granted.  53 will be denied.  So that means we’ve got 14, 20, 26, 29, 35,
52, 55, 56, and 59.  14 and 20 will be granted.

(emphasis
added).  The trial court’s “strike list”
also shows that venire member number 20 was one of the persons stricken for
cause from the jury list.  Because
appellant’s second and third issues fail to show that his challenge for cause
was denied by the trial court, they present nothing for our review and are
overruled.

                                                                Jury Argument

            Appellant’s fourth issue contends
that the prosecutor engaged in improper jury argument by arguing outside the
evidence during her jury summation. 
Again, however, because appellant failed to object to this argument at
trial, his complaint presents nothing for our review.  See
Mathis v. State, 67 S.W.3d 918, 926-27 (Tex. Crim. App. 2002). 
Accordingly, his fourth issue is overruled, and the judgment of the
trial court is affirmed.

 

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Opinion filed October
 17, 2002.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.3(b).

 











[1]           A jury found appellant guilty, and
the court sentenced him to forty years confinement.